# IN THE
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Derrick Stefan Williams (#2014-6486), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 C 3465 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| Dentist Jeffery Saffold, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Derrick Stefan Williams, a pretrial detainee at the Will County Adult Detention Facility ("Will County Jail"), filed this 42 U.S.C. § 1983 civil rights action against Dentist Jeffery Saffold ("Defendant"). Plaintiff alleges that Defendant acted with deliberate indifference to Plaintiff's dental needs when Defendant extracted the wrong tooth. Defendant has filed a motion for summary judgment that contends Plaintiff failed to exhaust Will County Jail's administrative remedies. Plaintiff has responded. For the reasons stated herein, the Court denies Defendant's motion.

### I. BACKGROUND

**A. N.D. Ill. Local Rule 56.1:**

When addressing a summary judgment motion, this Court derives the background facts from the parties' Local Rule 56.1 Statements and Responses, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000).

In accordance with N.D. Ill. Local Rule 56.1(a)(3), Defendant's Rule 56.1 Statement "consist[s] of short numbered paragraphs [with] specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in [each] paragraph." (Doc. 43, Def. Statement of Facts ("SOF")). Defendant also complied with N.D. Ill. Local Rule 56.2 and forwarded to Plaintiff a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" explaining how to respond to Defendant's summary judgment motion and Rule 56.1 Statement. (Doc. 41). Additionally, the Court instructed Plaintiff to follow the requirements of Local Rule 56.1 and referred him to a copy of the local rule sent to Plaintiff in his other case, No. 15 C 5045. (Doc. 49).

Local Rule 56.1 instructs that the party opposing summary judgment must "respon[d] to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. Local Rule 56.1(b)(3)(B). Local Rule 56.1 further states that "all material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3)(C).

Although Plaintiff responded to Defendant's motion for summary judgment and Rule 56.1 Statement, almost none of Plaintiff's responses cite to materials in the record. (Docs. 50, 52). While the Court liberally construes pleadings from *pro se* litigants, who are held to a lesser standard than attorneys, even *pro se* litigants must comply with the Court's local procedural rules. *Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Accordingly, this Court will consider Defendant's Rule 56.1 factual statements admitted to the extent they are supported by the record and not properly contested by Plaintiff. *See* Rule 56.1(a)(3); *see also Townsend v. Alexian Bros. Med. Ctr.*, 589 Fed. Appx. 338, 339 (7th

Cir. 2015) (unpublished) (a district court may strictly enforce its local rules and consider Rule 56.1 factual statements admitted when they are not properly responded to), citing *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *Cady*, 467 F.3d at 1061. Nevertheless, because Plaintiff is proceeding *pro se*, the Court will consider factual assertions he makes in his summary judgment materials about which he would be able to competently testify at a trial. *See* Fed. R. Evid. 602; *Hill v. Officer Phillips*, No. 12 C 9404, 2014 WL 626966 at *1 (N.D. Ill. Feb. 18, 2014). With these standards in mind, the Court turns to the relevant facts of this case.

**B. FACTS**

Plaintiff has been confined at the Will County Jail since August 26, 2014. (Def. SOF ¶1). Defendant is a licensed dentist and, at all relevant times for this case, performed dental services for Will County Jail inmates. (*Id*. at ¶ 2). On October 8, 2014, Defendant extracted on of Plaintiff's teeth. (*Id*. at ¶ 3). The parties dispute whether the wrong tooth was extracted. (*Id.*) (Without delving into the merits of Plaintiff's claims, which are not relevant to whether he exhausted administrative remedies, the Court briefly notes that Defendant allegedly examined Plaintiff before the extraction and took an x-ray, but on the day of the procedure, when he asked Plaintiff to point to the tooth to be extracted, Plaintiff allegedly pointed to the wrong tooth.).

Will County Jail Classification Sergeant Michelle Moffett maintains each inmate's classification file, which includes the inmate's grievances, as well as grievance responses and appeals. (*Id.* at ¶ 5). Moffett reviewed Plaintiff's classification file, the relevant contents of which are included as Exhibits C and D. (*Id.* at ¶ 6, citing Doc. 44, Exh. C (Inmate Handbook) and Exh. D (Plaintiff's grievances and responses).

The Will County Jail has a grievance system, the procedures for which are set forth in the Inmate Handbook, which Plaintiff received when he entered the jail. (Def. SOF ¶¶ 8, 9). The

grievance procedures state, in pertinent part: "**You will be allowed to express any valid complaint without fear of retaliation.** (emphasis in original) . . . You are allowed to file a Grievance about many things that involve you including, but not limited to: . . . Alleged misconduct or mistreatment by Staff." (Def. SOF ¶ 10, quoting Exh. C at Bates Stamped p. 48).[1] The handbook instructs inmates to submit their grievances on an Inmate Request Form (Form #22). (Doc. 43 ¶ 10; *see also* Exh. C at 48). The handbook states that, if the inmate is unable to articulate his complaint in writing due to a "legitimate physical or intellectual disability," the on-duty Housing Unit Officer will assist the inmate. (*Id.*) If the on-duty Housing Unit Officer is not able to resolve the grievance immediately, it is sent to the Classification Sergeant for review. (*Id.*) The Classification Sergeant will respond to the grievance within 15 days. (Def. SOF ¶ 10; *see also* Exh. C at 49). The grievance procedures include one level of appeal, which the inmate must submit on a Form #22 within 48 hours of receiving a response. (*Id.*) The inmate must write "APPEAL" on the Form #22, provide the grievance number, and state the grounds for the appeal. (*Id.*) Appeals are forwarded to the Deputy Chief or his/her designee for review and issuance of a written reply within 15 days. (*Id.*) Once a reply to the appeal is received, the issue is administratively closed. (*Id.*)

Moffett's review of Plaintiff's classification file shows the following grievances and responses about his dental needs. On October 8, 2014, Plaintiff filed a grievance stating: "Today, I had the wrong tooth took out," "the right tooth [is] still in my mouth," and "I got a big hole in my mouth for life." (*Id.* at ¶ 12, quoting Exh. D at 5). The pod officer reviewed the grievance on October 9, 2014, and forwarded it to a Classification Sergeant. (*Id.*) On October 17, 2014, the sergeant forwarded the grievance to Defendant. The Defendant, or someone acting

---

[1] Defendant's exhibits are included with his Memorandum in Support of his Motion for Summary Judgment. (Doc. 44). For convenience, the Court's future citations to exhibits refer only to the exhibit without reference to Doc. 44. Citations to pages in the exhibits refer to the Bates Stamped numbers.

4

on his behalf, responded that Plaintiff had a dry socket due to rinsing within 24 hours of the procedure and that Plaintiff pointed to tooth #19 before the extraction. (*Id.*) The grievance does not indicate Plaintiff appealed the response. (*Id.*)

On December 5, 2014, Plaintiff filed a grievance requesting copies of his dental records. (Def. SOF ¶ 13, citing Exh. D at 7). Classification Officer Miller (or possibly Nurse Miller) denied the grievance, stating "we sent what FOA (Freedom of Information Act) requires" and that Plaintiff would need a court order. (*Id.*) The grievance form does not indicate Plaintiff appealed the response. (*Id.*)

In March of 2015, Plaintiff filed several grievances again seeking his dental records. On March 22, 2015, he filed a grievance requesting dental records. (*Id.* at ¶ 14, citing Exh. D at 14). On March 24, 2015, Plaintiff received a response: "They will be put in your property." (*Id.*) On March 23, 2015, Plaintiff filed a grievance requesting his dental records and stating that the records he previously received became "wet and I had to throw them away." (Def. SOF ¶ 15, quoting Exh. D at 13) (perhaps he felt the need to explain his 3/22/15 request). He received a response that he "would be receiving them shortly." (*Id.*)

Plaintiff apparently filed two additional grievances on March 23, 2015, requesting dental records. (Exh. D at 15, 16). Both grievances again stated his dental records had gotten wet and further included "FOIA" on the grievance. (*Id.*) Though neither grievance form includes a response, Classification Sergeant Moffett's affidavit states Plaintiff received responses to all his grievances. (Def. SOF ¶ 16, citing Exh. B, Moffett Aff. ¶ 10). Plaintiff's classification file contains no appeals with respect to the grievances described above. (Def. SOF ¶18).

Plaintiff agrees that he was given an Inmate Handbook, which set out the jail's grievance procedures. (*See* Doc. 52, Pl. Rule 56.1 Response at ¶¶ 5-8). Plaintiff states he takes psychiatric

5

medication, is intellectually disabled, is uneducated, and has difficulty reading and writing. (*Id.* ¶ 9). He also contends that Sergeant Moffett has not produced all of Plaintiff's grievance records and that he appealed a grievance on October 19, 2015. (*Id.* at ¶¶ 9-11). According to Plaintiff, his October 19, 2015 appeal stated: "Yes, this is my second or third time writing a request form about the dentist pulling my teeth. He pull [sic] the wrong tooth. And he chip [sic] my front tooth. So I would like to no [sic] why I aint heard anything from the grievance peoples. This happen last year 2014." (*Id.* at ¶ 15). Plaintiff states that he adds this grievance appeal as Exhibit A, (*id.* at ¶ 11), but no copy of such an appeal is included with his pleadings.

Plaintiff further asserts—citing page 30 of the Inmate Handbook, which states that an inmate who is physically or intellectually disabled may seek assistance from an on-duty officer—that he made a verbal request to appeal a grievance response. (*Id.* at ¶ 11). Plaintiff contends nurses reassured him that he would be accommodated. According to Plaintiff, he received a verbal response to one or more of his grievances (he identifies neither the responder nor the grievance), and he believed a verbal appeal sufficed. (*Id.*) Plaintiff explains: "he wrote a grievance . . . that [there] was a response in verbal reply, so he [thought] that his verbal response was sufficient." (*Id.*, citing Inmate Handbook at p.30; *see also* Doc. 52 at ¶¶ 13-14).

## II. DISCUSSION

**Summary Judgment Standard:**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). All facts and reasonable inferences drawn from the facts are construed in favor of the non-moving party. *Jajeh*, 678 F.3d at 566. However, once the moving party demonstrates the absence of a disputed issue of

6

material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010).

**Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the exhaustion requirement, no prisoner "is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted); *see also Kincaid v. Sangamon County*, 435 Fed. Appx. 533, 536-37, 2011 WL 2036441 at *3 (7th Cir. 2011) (§ 1997e(a)'s exhaustion requirement applies to jail, as well as prison, grievance procedures). Even where the prisoner seeks relief that is unavailable in the administrative system, such as money damages, he must still exhaust available administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

The Seventh Circuit has "taken a 'strict compliance approach to exhaustion.'" *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Dole*, 438 F.3d at 808). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)).

7

Proper use of a prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole*, 438 F.3d at 809; *see also Woodford*, 548 U.S. at 90. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011) (*Pavey II*). Such an opportunity exists only if "the grievant complies with the system's critical procedural rules." *Id.*

Additionally, an inmate must exhaust all levels of available administrative review prior to bringing suit. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). He may not complete the exhaustion process after he files his case. *Id.* Lastly, a judge, not a jury, determines whether an inmate exhausted administrative remedies. *Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008) (*Pavey I*).

The parties agree that Plaintiff filed several grievances about Defendant pulling the wrong tooth. The sole issue appears to be whether Plaintiff failed to exhaust administrative remedies by not appealing responses he received to those grievances. Defendant—like most defendants who argue an inmate failed to exhaust—relies on the absence of an appeal in Plaintiff's file where his grievances, responses, and appeals are kept. Plaintiff acknowledges that the records produced by Defendant contain no grievance appeal. While Plaintiff contends those records are incomplete and that he filed an appeal on October 19, 2015, he also states he has a copy of this document but does not include it with any of his pleadings.

The Seventh Circuit has described "summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011) (quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). Arguably, Plaintiff's

quoting of a document allegedly missing from his classification file suggests its existence. (Doc. 52 at ¶ 15). But his statement that he has such a document without producing it (*id.* at ¶ 11), does not suffice to adequately respond to Defendant's summary judgment motion. Furthermore, even assuming this document exists, filing a grievance a year after the dental procedure does not comply with Will County Jail's requirement that a grievance be filed within 48 hours of the incident. (Doc. 44, Exh. B at 48).

However, Plaintiff's contention that he verbally appealed responses he received to one or more of his grievances presents a disputed issue of material fact as to whether he exhausted available remedies. Plaintiff correctly notes that the Will County Jail's Inmate Handbook states that inmates with "physical or intellectual disability or handicap" can seek assistance from the Unit Officer and that "[r]easonable accommodation will be provided" to help inmates file a grievance. (*Id.* at 48). Defendant argues that such an accommodation does not obviate the need to file grievances and appeals in writing. (Doc. 54). Defendant further notes that the accommodation applies only to the filing of grievances, not appeals of grievance responses. (*Id.*)

The Court will not address whether Defendant's interpretation that disabled inmates may receive assistance to file a grievance but not an appeal. Such an interpretation seems implausible since it would essentially render the grievance process, or at least the appellate portion of it, unavailable for disabled inmates. But Plaintiff's contention that he received grievance responses verbally and that he responded in kind suggests the unavailability of administrative remedies for another reason. If Plaintiff was led to believe that responding verbally to a verbal response was "sufficient" or that he was going to receive assistance with his appeal that he ultimately did not receive, (Doc. 52), such a situation, if true, may render the Will County Jail's grievance process unavailable.

9

Administrative procedures may require that grievances be filed a "particular manner and within the precise period of time." *Pavey (II)*, 663 F.3d at 906. But an inmate cannot be misled into believing that he has satisfied administrative procedures when he has not. "An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *Id.* (quoting 42 U.S.C. § 1997e(a)); *see also Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

In *Pavey II*, the Seventh Circuit indicated that administrative remedies may not "available" if prison officials misled an inmate to believe that an internal affairs investigation sufficed to exhaust administrative remedies. *Pavey*, 663 F.3d at 906. In *Thomas*, a prison guard, and arguably the prison's inmate handbook itself, misled an inmate to believe that he could not file a grievance for an excessive force incident. *Thomas* 787 F.3d at 847-48. "[W]hen prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality." *Id.* at 847 (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).

Whether jail personnel led Plaintiff to believe that his verbal appeal from a grievance response sufficed under the jail's rules or whether he was led to believe (by either jail personnel or the Inmate Handbook) that he was going to receive assistance with his appeal that he ultimately did not receive is a disputed issue of material fact. A more developed record may reveal that jail officials never misled Plaintiff about grievance procedures and/or that Plaintiff knew the proper grievance procedures, needed no assistance with following them, but simply failed to do so. However, such determinations cannot be made based on the current record.

Defendant may again seek summary judgment if additional discovery answers these questions. The present motion for summary judgment, however, must be denied.

## CONCLUSION

For the reasons stated in this opinion, Defendant's motion for summary judgment [Doc. 42] is denied. Plaintiff's motion to strike Defendant's affirmative defense [Doc. 35] is denied. Plaintiff's motion to respond to Defendant's summary judgment motion [Doc. 50] is considered his response to Defendant's motion, and the Clerk is directed to change the docket to reflect that this pleading is not a pending motion.

ENTER: _____
Marvin E. Aspen
United States District Court Judge

DATE: April 27, 2016